UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION



FILED
DEC 13 2016
CLERK

| | |
|---|---|
| MARY E. PETERSEN, MELISSA BOYER, VENESA JOVEN, NANCY AKIN,<br><br>Plaintiffs,<br><br>vs.<br><br>DENNIS KAEMINGK, BRENDA HYDE, STEVE ALLARD, WILLIAM SCHIED, SCOTT MEES, JON DEGREEF, TONY HILLMER, CALVIN GOURNEAU, COLBY BUCKLES, WENDY TRAUTMAN, MARIA KELLY, ALEXANDRA AYRES, JESSICA UCKER, LARRY KINDALL, DARREN BERG, PAMELA DOKTER, JENNINGS NEW BOLT,<br><br>Defendants. | 3:16-CV-03039-RAL<br><br>ORDER |

Four inmates incarcerated at the South Dakota Women's Prison in Pierre, South Dakota, filed a joint prose civil rights lawsuit pursuant to 42 U.S.C. § 1983. Only two of four plaintiffs filed motions to proceed in forma pauperis and provided prisoner trust account reports.

Due to policy considerations set forth in the Prison Litigation Reform Act (PLRA), joint prisoner litigation is generally disfavored. *See Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) (holding that the PLRA preempted Rule 20 so as to prevent IFP prisoner litigants from litigating jointly). A few circuits have, however, permitted joint prisoner litigation. For example, the Third and

Seventh Circuits permit joint prisoner litigation, but they still require each prisoner litigant to separately pay the entire $350 filing fee. *See Hagan v. Rogers*, 570 F.3d 146, 155-56 (3d Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004).

The Eighth Circuit has yet to consider how joint prisoner litigation should be handled under the PLRA. Nonetheless, after reviewing the reasoning of other circuits and considering the policy objectives underlying the PLRA, this Court joins with the well-reasoned opinions of the Third and Seventh Circuits holding that, although joint prison litigation will be permitted, each prisoner litigant will be individually responsible for the full $350 filing fee.

Before this case is screened pursuant to 28 U.S.C. § 1915A, plaintiffs are given this warning and opportunity to withdraw from the lawsuit. Joint filing carries with it the risk of being held accountable for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, and the risk of receiving a strike under 28 U.S.C. § 1915 for the co-plaintiffs' claims. Accordingly, the following notice is given:

> 1. You will be legally responsible for knowing precisely what is being filed in the case on your behalf and the representations made in those filings. Federal Rule of Civil Procedure 11(c) provides that sanctions can be imposed for violating Rule 11(b).
>
> 2. You will incur a strike if the action is dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 1915(g), a prisoner who has had three cases dismissed (three strikes) for the reasons mentioned above cannot bring a civil action or appeal unless the prisoner is in imminent danger of serious physical injury.
>
> 3. Regardless whether this case is dismissed or allowed to proceed after screening, you will be required to pay the filing fee, either in

>    installments or in full, depending on whether you qualify for indigent status. If you do not qualify for indigent status, your claims may be severed from the case and you will then be required to pay the entire $350 filing fee before your case will proceed.
>
>    4. You will be individually responsible for the full $350 filing fee, even if you are granted in forma pauperis status. If you are granted in forma pauperis status, the institution having custody of you will be directed that whenever the amount in your trust account exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month will be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the $350 filing fee is paid in full.

See *Boriboune*, 391 F.3d at 856 (recommending that district courts warn prisoners of the potential negative consequences of joint filing in federal court and give them an opportunity to withdraw from the lawsuit).

Plaintiff Mary E. Petersen moved for leave to proceed in forma pauperis and also paid her full filing fee. Doc. 4; Doc. 10. Plaintiff Nancy Akin moved for leave to proceed in forma pauperis, but now moves to dismiss herself from the case. Her motion is granted. Doc. 8; Doc. 11.

Accordingly, it is

ORDERED that Melissa Boyer and Venessa Joven shall advise the Court whether they wish to continue as plaintiffs in this case by January 2, 2017. If either opts not to continue as a plaintiff in this case, or if they do not respond to this order, then they will be dismissed as plaintiffs in this case.

IT IS FURTHER ORDERED that if Boyer or Joven opts to proceed, they must file a motion to proceed in forma pauperis and a prison trust account report or pay the full filing fee.

IT IS FURTHER ORDERED that this case will be screened pursuant to 28 U.S.C. § 1915A after January 2, 2017.

IT IS FURTHER ORDERED that Mary E. Petersen's motion for leave to proceed in forma pauperis (Doc. 4) is granted.

IT IS FURTHER ORDERED Nancy Akin's motion to dismiss (Doc. 11) is granted. She is dismissed from this case.

IT IS FURTHER ORDERED that Nancy Akin's motion for leave to proceed in forma pauperis (Doc. 8) is denied as moot.

Dated December 13th, 2016.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE